Cite as 2024 Ark. App. 287

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-23-135

| | |
|---|---|
| | **Opinion Delivered** May 1, 2024 |
| PAULA BANKS | |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2022-BR-02122] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND FAMILY DOLLAR SERVICES, INC., #91 | |
| APPELLEES | REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Judge**

Paula Banks appeals from the decision of the Arkansas Board of Review finding that she was disqualified from receiving unemployment benefits because she refused to accept an offer of suitable work. We hold that substantial evidence does not support this finding; accordingly, we reverse and remand.

Banks applied for unemployment benefits in July 2022 after she was laid off from her employment with Family Dollar. In August 2022, the Division of Workforce Services (Division) issued a notice of agency determination finding that Banks was disqualified from receiving benefits because she refused a job offer without good cause on July 29, 2022. Banks appealed to the Arkansas Appeal Tribunal, which held a telephone hearing and affirmed the determination. Banks then appealed to the Board, which affirmed the Tribunal's decision.

In unemployment cases, findings of fact by the Board are conclusive if supported by substantial evidence, which is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Debnam v. Dir.*, 2015 Ark. App. 537, 471 S.W.3d 657. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings, and even when there is evidence on which the Board might have reached a different decision, the scope of our judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the evidence before it. *Id.* The credibility of witnesses and the weight to be afforded their testimony are matters to be resolved by the Board. *Id.*

Banks was the only witness to testify below, and she denied that she was offered a job. Banks testified that she had applied for a job with a company in Mississippi and received an email directing her to go to a facility in Memphis for an interview. When she went to the interview, she discovered that the job she was interviewing for was not the job she had applied for. The interview was for a job in a different location (Memphis instead of Mississippi), under different conditions (non-climate controlled), and for less pay. Banks and the interviewer agreed to discontinue the interview.

Banks testified that when she got home from the interview, she had received information in the mail from the Division regarding refiling her claim, and when doing so online, she accidentally triggered a refusal-of-work form. Banks said that the system would not let her proceed without filling out the form, so she called the hotline and spoke with someone named Darius who advised her to complete the form as he instructed so that the

2

online filing could proceed. The form lists Family Dollar as the employer, and the first question—did you refuse an offer of work with the employer listed above?—is answered "no." Other parts of the form are filled out with clearly fictitious answers; for example, "Daffy Duck" is listed as the person who offered the job and $100,000 an hour is listed as the minimum starting salary Banks is willing to accept. Banks testified that Darius told her that he would make notes in the system so people would know what happened.

The Board concluded that Banks had refused an offer of suitable work, finding as follows:

> The claimant attended an interview and told the interviewer that she was not going to work in the position that was open. The claimant has not shown that the warehouse work was unsuitable for her to perform, and the Board does not find what the claimant reported in the Claimant Statement-Refusal of Work to [be] credible. Therefore, the Tribunal decision finding that the claimant refused an offer of suitable work is affirmed.

Arkansas Code Annotated section 11-10-515(a)(1)(A)(ii) (Repl. 2012) provides that an individual shall be disqualified for benefits if he or she has failed without good cause to "accept available suitable work when offered." As noted by the Board, Banks denied in her testimony and in the refusal-of-work form that she had refused an offer of work, and she denied that she had been offered work. Although she testified that she did not complete the interview for the job she had not applied for, there is no evidence that completion of the interview would have resulted in a job offer. Because there is no evidence that Banks had even been offered a job, the Board's findings are not supported by substantial evidence.

Furthermore, Banks's testimony regarding the refusal-of-work form is corroborated by notations in the Division's "service file inquiry" in the record. A note dated July 29, 2022, the date Banks filled out the form, states that the claimant made a mistake filling it out. A note dated August 22, 2022, states that Banks called after receiving her disqualification determination, that she denied refusing work, and that documentation dated July 29 stated that she had filled out the form in error. On August 24, Banks called again to check that the mistake had been noted.

We reverse and remand the denial of benefits based on the Board's finding that Banks failed to accept an offer of work.

Reversed and remanded.

GLADWIN and GRUBER, JJ., agree.

*Paula Banks*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.